### C. R. HOOLBROOK, ET AL., *v.* N. W. DUCK, ET AL.

**Guardian Ad Litem—Power.**
  In the absence of service of process a guardian ad litem has no power to enter the appearance for the persons he represents, and the court thereby secures no jurisdiction to pronounce judgment.

APPEAL FROM OWSLEY CIRCUIT COURT.

September 11, 1874.

OPINION BY JUDGE PRYOR:

That Eversole was only acting as attorney by reason of the warning order against appellant, and his appointment by the court cannot be questioned, he files an answer on the same day he was appointed, containing only such denials and admissions as are ordinarily made in an answer by a guardian *ad litem.* An allowance is also made him as corresponding attorney, showing that he was regarded in no other light by the court below. He had no power to enter the appearance of the appellants, as there is no proof in any manner that the latter ever employed him. The action of trespass was instituted in equity and heard by the chancellor, and a personal judgment rendered. The chancellor had no power, without the consent of the appellant or his counsel, to try the cause, and certainly none to render a judgment. If such power existed, no bond was executed before judgment, as required in cases where a party is before the court by constructive process only. It was also error to dispose of the property exempt from execution, as the appellant was a housekeeper and entitled to the benefit of the exemption. The appellant having brought the case to this court, must now answer, as

a judgment by default can be entered and a jury sworn to enquire of damages. The judgment of the court below is reversed and the cause remanded with directions to transfer the case, on the motion of either party, to the ordinary docket.

*H. C. Lillys, for appellants.*
*VanWinkle and Reide, for appellees.*